UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

        v.                                           01-CR-182-A
                                              02-CR-082-A
                                      **DECISION AND ORDER**

MICHAEL ELDER,

        Defendant.

_____

On September 24, 2018, the defendant, Michael Elder, was charged in an Amended Petition for Offender Under Supervision (the "Petition") pursuant to 18 U.S.C. § 3583(e) with six violations of conditions of supervised release. Based upon evidence admitted during a three-and-a-half-day jury trial of related criminal charges and a Stipulation, the Court finds, pursuant to Fed. R. Crim. P. 32.1, that defendant Elder is guilty of the violations alleged in Charges 2, 4, 5 and 6 of the Petition and not guilty of the violations alleged in Charges 1 and 3.

## BACKGROUND

On June 24, 2005, defendant Michael Elder was sentenced in two cases docketed at 01-CR-182-A and 02-CR-082-A to an aggregate of 195 months imprisonment[1] to be followed by an aggregate of five years of supervised release, with

---

[1] More specifically, defendant Elder was sentenced to 120 months imprisonment upon a conviction for one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in docket number 01-CR-182-A to be served concurrent with two concurrent sentences of 135 months imprisonment each upon convictions for two counts of bank robbery in violation of 18 U.S.C. § 2113(a) and § 2 in docket number 02-CR-082-A. At the same time, the defendant was also sentenced to 60 months imprisonment for one count of use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924© and § 2 in docket number 02-CR-082-A to be served consecutive to the terms of imprisonment for all the other counts.

restitution to a bank robbery victim of $17,025. An identical Judgment in a Criminal Case reflecting the sentences was filed in both cases on July 15, 2005. Doc. Nos. 68 and 114, respectively.

At the time of these sentencings, defendant Elder was 24 years of age. His criminal record included a felony conviction for Attempted Armed Robbery and a Disorderly Conduct violation. He also had prior arrests on charges of armed robbery, burglary, and possession of a controlled substance, but no other criminal convictions.

Defendant Elder's June 24, 2005 sentences included, as conditions of supervised release, the following mandatory condition, among others:

> The defendant shall not commit another federal, state or local crime.

Dkt. Nos. 68, p. 3 and 114, p. 3. The conditions included the following standard conditions:

> [T]he defendant shall not leave the judicial district without permission of the court or probation officer; . . .
>
> [T]he defendant shall . . . not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

*Id.* Finally, the defendant's sentence also included the following special condition, among others:

> The defendant shall submit to a search of his person, property, vehicle under his control and permit confiscation of any evidence or contraband discovered.

*Id*. at 4. Upon completion of defendant's term of imprisonment, his five-year term of supervised release began on July 7, 2016.

2

On November 3, 2016, less than four months after defendant Elder's term of supervised release began, and after a series of anonymous tips to law enforcement that the defendant was selling heroin and fentanyl from his residence at 143 Edgewood Drive, Tonawanda, New York, U.S. Probation Officers and other law enforcement officers searched the residence. The officers found and seized suspected cocaine base and fentanyl, hydraulic presses and other drug-trafficking paraphernalia, and approximately $23,000 of U.S. currency.

On January 5, 2017, a Grand Jury returned an Indictment against defendant Elder charging him with one count of possession with intent to distribute more than 28 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), one count of possession with intent to distribute fentanyl and fentanyl-related substances, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)©, and one count of maintaining drug-involved premises in violation of 21 U.S.C. § 856(a)(1). The charges arose primarily from evidence found and seized during the November 3, 2016 search of the defendant's residence. Trial of the three-count Indictment began on July 23, 2018, and concluded after the three guilty verdicts were returned on July 25, 2018.

The Amended Petition for Offender Under Supervision charged defendant Elder with the following six violations of conditions of his supervised release:

> Charge 1: "The defendant shall not commit another federal, state or local crime." On November 3, 2016, the subject was in possession of heroin in violation of 21 U.S.C. § 841(a)(1).

> Charge 2: "[T]he defendant shall . . . not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." On November 3, 2016, U.S. Probation Officers found in the [defendant's]

3

residence a "kilo press" used for the distribution of controlled substances.

Charge 3: "The defendant shall not leave the judicial district without the permission of the Court or the Probation Officer." At some time in August 2016, the [defendant] left the district without permission.

Charge 4: "The defendant shall not commit another federal, state, or local crime." On July 25, 2018, the jury in the Western District of New York convicted the defendant on the charge of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B).

Charge 5: "The defendant shall not commit another federal, state, or local crime." On July 25, 2018, the jury in the Western District of New York convicted the defendant on the charge of possession of fentanyl, butyryl fentanyl and furanyl fentanyl with intent to distribute, all in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C).

Charge 6: "The defendant shall not commit another federal, state, or local crime." crime." On July 25, 2018, the jury in the Western District of New York, convicted the defendant [of] the charge of maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1).

Dkt. Nos. 85 and 157, respectively.

**DISCUSSION**

Defendant Elder has incorporated by reference arguments he made in his related criminal case that items seized during the November 3, 2016 search of his residence, and his responses to questioning, must be suppressed. Dkt. No. 94, p. 4. The defendant argued the search was not based upon reasonable suspicion and therefore violated the Fourth Amendment, and that his statements to law enforcement and U.S. Probation Officers were tainted by the illegal search. The Court adopts its prior rulings concluding that there was no violation of the Fourth Amendment and rejecting those arguments at Docket No. 37 in the related case at *United States v. Elder*, 17-CR-05-A, 2018 WL 833132 (W.D.N.Y. Feb. 13, 2018). Further, the Court

4

finds that nothing in this case justifies application of the exclusionary rule, even if there had been a Fourth Amendment violation. *See United States v. Phillips*, 914 F.3d 557, 559-60 (7th Cir. 2019) (the exclusionary rule does not apply in a violation of supervised release proceeding); *United States v. Campbell*, 342 F. Supp. 3d 375, 386-87 (W.D.N.Y. 2018)[2].

The Court presided over defendant Elder's trial on the three-Count Indictment at 17-CR-05-A. The jury heard that U.S. Probation Officers and Drug Enforcement Administration Agents recovered approximately 92 grams of cocaine base, significant quantities of fentanyl, butyryl fentanyl, and furanyl fentanyl, along with a scale from below a cabinet baseboard in the kitchen of the defendant's residence. The jury also heard that law enforcement seized packaging materials consistent with drug sales, dust masks, a vacuum sealer and diluents commonly used for the sale of narcotics from the kitchen. Packaging materials of the sort used for heroin were seized from a crawlspace on the second floor. Three hydraulic presses used for making powder bricks were seized from the basement. More than $20,000 cash from was seized from the defendant's bedroom. Four cell phones were recovered from a toilet seat next to where defendant had exited the shower just before the search began.

Documents seized during the search tended to show that defendant Elder was

---

[2] Neither the United States Supreme Court nor the Second Circuit Court of Appeals have ruled on the question whether the exclusionary rule applies in a violation of supervised release proceeding. *See United States v. Lewis*, 712 F. App'x 83 (2d Cir. 2018) (The Second Circuit has "yet to decide whether the exclusionary rule applies to supervised release revocation proceedings"), *but see United States v. Ojudun*, 915 F.3d 875 (2d Cir. 2019) (denial of a motion to suppress fruits of a traffic stop by New Jersey police officers in the context of a supervised release violation proceeding affirmed with no discussion whether the exclusionary rule applies in such a proceeding).

anxious to avoid U.S. Probation Officer's supervision, and that he planned to do so through an ambitious plan for a new business that would require a substantial amount of money to start. But the jury heard evidence that the defendant's monthly reported income to U.S. Probation and expenditures did not comport even with the amount of cash law seized from the defendant's bedroom. In addition, the jury heard testimony that the defendant, just months after his release from custody to supervision, purchased a newer model Jeep SUV with U.S. Probation Officer James Dyckman's approval, but not before Officer Dyckman denied the defendant's request to purchase an even more expensive Cadillac Escalade SUV.

The jury also heard testimony from defendant Elder and his mother. The defendant admitted to possessing most of the items seized by law enforcement during the November 3, 2016 search, with the exception of the controlled substances, the scale, the hydraulic presses, and the heroin packaging materials. The defendant and his mother gave innocent, exculpatory explanations for the thousands of baggies he possessed, the security cameras inside and outside the house, the dust masks in the kitchen, the approximately $20,000 of currency, and the four cell phones that were found on the toilet seat next to the shower. In the context of the trial as a whole, it was clear that the defendant gave false testimony to try to avoid another federal criminal conviction.

While being cross-examined, defendant Elder admitted that he did not accurately fill out his monthly probation reports and that he concealed from U.S. Probation how many phones he possessed and who he was living with at various

6

times. When the defendant was pressed on his testimony about the mannitol, a common cocaine and fentanyl-analog diluent, and the four cell phones, the defendant explained he was using the mannitol as a bodybuilding supplement and four cell phones for market research for a new business.

Defendant Elder and his mother testified that there were locks on the doors of 143 Edgewood Drive, and functioning security cameras around the residence, but they acknowledged not reporting any intruders before, during, or immediately after the search of the residence. While the defendant speculated that his ex-girlfriend was responsible for all the contraband, and that she had said she would get him, based upon the evidence at trial, the Court concludes the defendant was trying to shift blame for the controlled substances, the scale, cell phones, various kinds of packaging, hydraulic presses, dust masks, diluent, and more than $20,000 of currency from his residence away from himself to avoid conviction. The defendant's false exculpatory testimony was evidence that he knew he was guilty of the offenses with which he was charged.

In a Stipulation entered in both cases (Dkt. Nos. 94, 159, respectively), defendant Elder agreed that U.S. Probation and law enforcement officers found a kilogram press, packaging materials, cocaine base, heroin laced with fentanyl and approximately $20,000 in the defendant's residence on November 3, 201[6]. *See id.* at ¶ 14, p. 3. He also agreed that his July 25, 2018 convictions on the three counts charged in the Indictment violated the terms and conditions of his supervised release. *Id*. at ¶ 16, p. 4.

Based upon the evidence admitted during the trial of related criminal charges in 17-CR-05-A and the parties' Stipulation filed in both of 01-CR-182-A and 02-CR-82-A, the Court finds as follows:

> 1. As to the violation in Charge 1 of the Amended Petition that the defendant committed another crime on November 3, 2016, by possessing heroin in violation of 21 U.S.C. § 841(a)(1) the Court finds the defendant not guilty. The controlled substances he possessed on that date were not heroin.
>
> 2. As to the violation in Charge 2 of the Amended Petition that, on November 3, 2016, the defendant possessed a controlled substance or paraphernalia related to any controlled substances, except as prescribed by a physician, the Court finds that the defendant possessed approximately 92 grams of cocaine base, significant quantities of fentanyl, butyryl fentanyl, and furanyl fentanyl, a "kilo press" and other paraphernalia used for the distribution of controlled substances, and that the defendant is therefore guilty of the Charge.
>
> 3. As to the violation in Charge 3, the Court finds the defendant not guilty of the leaving the judicial district without the permission of the Court or the Probation Officer at some time in August, 2016, for lack of evidence.
>
> 4. As to the violation in Charge 4, the Court finds the defendant committed another federal crime on November 3, 2016, when he possessed cocaine base with intent to distribute it in violation of 21 U.S.C. § 841(a)(1).
>
> 5. As to the violation in Charge 5, the Court finds the defendant committed another federal crime on November 3, 2016, when he possessed fentanyl, butyryl fentanyl and furanyl fentanyl with intent to distribute, all in violation of 21 U.S.C. § 841(a)(1).
>
> 6. And finally, as to the violation in Charge 6, the Court finds the defendant committed another federal crime on November 3, 2016, by maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1).

## CONCLUSION

For the reasons stated above, and pursuant to Fed. R. Crim. P. 32.1, the Court finds defendant Michael Elder is guilty of the violations alleged in Charges 2, 4, 5 and 6 of the Amended Petition and not guilty of the violations alleged in Charges 1 and 3. Sentences shall be imposed December 13, 2019 at 1:00 p .m.  The U.S. Probation Office has been directed to provide their final report to the Government and to defense counsel no later than December 9, 2019.

**SO ORDERED.**

                                              *s/Richard J. Arcara*
                                              HONORABLE RICHARD J. ARCARA
                                              UNITED STATES DISTRICT COURT

Dated:  November 26, 2019