UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

Plaintiff,

v.

MICHAEL ELDER,

Defendant.

**DECISION AND ORDER**
01-CR-182-A
02-CR-82-A

Before this Court is Defendant Michael Elder's *pro se* "motion to correct, modify, or reduce sentence for probation violation under 18 U.S.C. § 3582(c)(2) and/or Rule 36 [of the Fed. Rules of Criminal Procedure]." *See*, *Case #01-CR-182*, Dkt. 102; *Case #02-CR-82*, Dkt. 165.[1] Specifically, Elder seeks a reduction in his sentence pursuant to retroactive Amendment 821 of the Sentencing Guidelines. *Id*. The Government opposed the motion, *see*, *Case #01-CR-182*, Dkt. 100; *Case #02-CR-82*, Dkt. 168, and Defendant filed a reply. *See*, *Case #02-CR-82*, Dkt. 73. For the reasons which follow, Defendant's motion is **DENIED**.

[1] Although Elder's motion was originally only docketed in Case #02-CR-82, because it pertained to a judgment for revocation of supervised release entered in both Case #02-CR-82 and Case #01-CR-182, this Court directed the Clerk's Office also to docket the motion in Case #01-CR-182. *See*, *Case #01-CR-182*, Dkt. 101.

In his motion, Elder mistakenly refers to a "probation" violation rather than a "supervised release" violation. As set forth *infra*, Elder was charged with violating the conditions of his supervised release on September 24, 2018; was found guilty of violating the conditions of his supervised release by Decision and Order filed on November 26, 2019, *see*, *Case #01-CR-182*, Dkt. 97; *Case #02-CR-82*, Dkt. 162; and was sentenced to a term of imprisonment of thirty (30) months on those supervised release violations on December 16, 2019. *See*, *Case #01-CR-182*, Dkt. 98; *Case #02-CR-82*, Dkt. 163 (Judgment).

## I. BACKGROUND

Elder has an extensive history before this Court. On June 24, 2005, he was sentenced in these two cases, *i.e.*, Case #01-CR-182 and Case #02-CR-82, to an aggregate of 195 months imprisonment[2] to be followed by an aggregate of five years of supervised release. *See*, *Case #01-CR-182*, Dkt. 68; *Case #02-CR-82*, Dkt. 114. In Case #01-CR-182, Elder was convicted of being a felon-in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In Case #02-CR-82, Elder was convicted of two (2) counts of bank robbery, in violation 18 U.S.C. § 2113(a) and §2, and one count of using a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(i). After his release from prison on his firearms and bank robbery convictions, Elder commenced his term of supervised release on July 7, 2016.

In November 2016, the Probation Office conducted a search of the Elder's residence and obtained evidence that he was engaged in trafficking cocaine base and fentanyl. The evidence obtained through the search of Elder's residence led to the return, in January of 2017, of a new three-count indictment charging Elder with drug trafficking crimes. *See*, *Case # 17-CR-05*, Dkt. 1. It also provided the basis for an Amended Petition for Offender Under Supervision in the instant cases, which charged the defendant with six violations of the conditions of his supervised release. *See*, *Case #01-CR-182*, Dkt. 85; *Case #02-CR-82*, Dkt. 157. Elder went to trial in

[2] Elder was sentenced to 120 months in *Case #01-CR-182* and 135 months in *Case #02-CR-82* to be served concurrently, plus 60 months in *Case #02-CR-82* to be served consecutively.

Case #17-CR-05 and was convicted by a jury on all counts. *See*, *Case #17-CR-05*, Dkt. 78.

Following the jury's verdict in Case #17-CR-05, this Court found Elder guilty of Charges 2, 4, 5 and 6 of the supervised release violation petitions pending in his prior cases. *See*, *Case #01-CR-182*, Dkt. 97; *Case #02-CR-82*, Dkt. 162. On December 16, 2019, the Court sentenced Elder to a term of imprisonment of 210 months for his convictions in Case #17-CR-05, *see*, *Case #17-CR-05*, Dkt. 99, and to a consecutive term of imprisonment of 30 months, for violating his prior terms of supervised release. *See*, *Case #01-CR-182*, Dkt. 98; *Case #02-CR-82*, Dkt. 163.

In January of 2024, Elder, represented by counsel, filed a motion pursuant to 18 U.S.C. § 3582(c)(2), in Case #17-CR-05, seeking to reduce his sentence in that case based upon Guidelines Amendment 821, enacted November 1, 2023, which amended Guideline §4A1.1(e) to eliminate the award of any "status points" under that Guideline where a defendant receives less than 7 criminal history points under subsection (a) through (d). *See*, *Case #17-CR-05*, Dkt. 155. In a written Decision and Order dated, March 26, 2024, this Court granted Elder's motion to modify his sentence and reduced his term of imprisonment in Case #17-CR-05, from 210 months to 187 months. *See*, *Case #17-CR-05*, Dkt. 163.

Thereafter, relying upon the same "status point" amendment to the Guidelines, *see*, Guideline Amendment 821, Elder with his current motions seeks a reduction 30 month consecutive term of imprisonment previously imposed by this Court for his violations of his term of supervised release.

**II. ANALYSIS**

Elder cites both 18 U.S.C. § 3582(c)(2) and Rule 36 of Fed.R.Cr.P. in support of his motion asking for a sentence reduction. However, neither § 3582(c) nor Rule 36 provide Elder any means for the relief he seeks.

First, Rule 36 allows a court to “correct a clerical error in a judgment, order, or other part of the record” at “any time,” Fed. R. Crim. P. 36, but may not be used to “correct errors of law, judgment, or even misidentification,” as Elder seeks to do here. *United States v. Musa*, 447 F. App'x 284, 285 (2d Cir. 2012) (summary order). “Rule 36 is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself.” *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995)(quotations and citations omitted). Elder’s claim that his PSR erroneously calculated his criminal history category as Category III as opposed to Category II alleges a substantive error that cannot be corrected under Rule 36. *See*, *United States v. Contrera*, No. 20-4083-CR, 2022 WL 301784, at *2 (2d Cir. Feb. 2, 2022)(in affirming the district court’s denial of defendant’s Rule 36 motion, the Second Circuit observed that defendant’s claims that the district court and the PSR improperly calculated his Guidelines were “substantive, and not merely the type of ‘mechanical’ errors within the purview of Rule 36.” [citation omitted]).

With respect to §3582(c)(2), the statute, in relevant part, states:

> (c) The court may not modify a term of imprisonment once it has been imposed, except that—
>
> ...

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, ***if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission***.

18 U.S.C. § 3582(c)(2) (emphasis added).

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments that may be applied retroactively pursuant to this authority, including Part A of Amendment 821. However, the policy statement issued by the Sentencing Commission does not support Elder's motion. The policy statement provides that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. ***This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release***." U.S.S.G. § 1B1.10 app. note 8(A) (emphasis added). Because Elder is seeking a sentence reduction connected with a revocation of his term of supervised release, his motion must fail. *See*, *Belfon v. United States*, No. 10-CR-763 (DLI), 2021 WL 3054909, at *5 (E.D.N.Y. July 20, 2021) ("petitioner ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) as he is challenging a sentence imposed upon the revocation of his supervised release"); *United States v. Rosa*, 2020 WL 5774909, at *3 (S.D.N.Y. Sept. 28, 2020); *United States v. Logan,* 845 F. Supp.2d 499, 522 (E.D.N.Y. 2012*); United States v. Lawrence*, 2009 WL 1158689, at *2 (N.D.N.Y. Apr. 28, 2009) (denying motion to reduce sentence under

Section 3582(c)(2) and Guideline § 1B1.10 because, *inter alia*, defendant challenged a term of imprisonment imposed upon violation of the terms of supervised release).

Even if Elder were eligible for a reduction, the Court would still need to determine if a reduction would be appropriate under the § 3553(a) factors. *See Dillon v. United States*, 560 U.S. 827 (2010) ("At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."). Here, the § 3553(a) factors do not support a reduction of Elder's supervised release sentence. Elder has a history of committing violent crimes, including bank robberies; firearms offenses; and drug trafficking crimes. After serving over 15 years in custody as a result of his convictions in Case #01-CR-182 and Case #02-CR-82, Elder, just months after his release from prison—and while on supervised release—committed new crimes involving extremely dangerous drugs in Case #17-CR-05. While this Court did, based upon Amendment 821, modestly reduce Elder's most recent sentence in his drug trafficking case from 210 to 187 months imprisonment, *see*, *Case #17-CR-05*, Dkt. 163, his conviction in that case establishes that Elder has not shown an ability or willingness to comply with the law. His history does not support a further sentence reduction and releasing him any earlier would not protect the public from any further crimes he could possibly commit.

## III. CONCLUSION

For the foregoing reasons, Elder's motions for a sentence reduction, *Case #01-CR-182*, Dkt. 102; *Case #02-CR-82*, Dkt. 165, are **DENIED**.

**IT IS SO ORDERED.**

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
SENIOR U.S. DISTRICT JUDGE

Dated: November 3, 2026
Buffalo, New York.